## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | |
|---|---|
| BRANDON D. KYLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1:16 CV389 |
| v. | ) |
| | ) |
| CHAPLIN BLUMMER, *et. al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Brandon D. Kyles, a *pro se* prisoner, filed an amended complaint alleging that he is being prevented from practicing his religion at the Westville Correctional Facility ("Westville"). "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Kyles is a practitioner of Orthodox Judaism. On August 26, 2016, he made a request to have Jewish services at Westville's chapel. Chaplain Blummer[1] denied this request and informed Kyles that the chapel only conducts Christian and Muslim services. Kyles alleges that this prevents him from practicing his religion. In addition,

---

[1] Misidentified as "Chaplin Blummer" in the caption.

Kyles requested a Kosher diet. However, David Liebel, the Indiana Department of Correction Religious Director, denied his request. Kyles alleges this denial also prevents him from practicing his religion. Kyles seeks money damages and injunctive relief.

First, Kyles alleges that the defendants are violating his First Amendment right to practice his religion. Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). Nevertheless, restrictions that limit the exercise of religion are permissible if they are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). At this stage of the litigation, it is unclear why Kyles is being denied the ability to practice his religion. It appears as though David Liebel has authority to provide Kyles a Kosher diet and Chaplain Blummer has authority to provide Kyles with Jewish services at the Westville chapel. Therefore he will be granted leave to proceed for injunctive relief against them in their official capacities for violating the First Amendment.

Kyles also asks for monetary damages in regard to his First Amendment claims. Based on his allegations, Kyles will be granted leave to proceed for monetary damages against David Liebel and Chaplain Blummer for violating the First Amendment right to practice his religion.

Next, Kyles alleges that the defendants are preventing him from practicing his religion in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). This statute affords even broader protections than the First Amendment

2

by providing that "No government shall impose . . . a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person – (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). *See also Holt v. Hobbs*, 574 U.S. __, __; 135 S. Ct. 853 (2015). However, the statute does not authorize an award of money damages against state officials; an inmate may only obtain injunctive relief under RLUIPA. *Sossamon v. Texas*, 563 U.S. __, __; 131 S. Ct. 1651, 1658-59 (2011). Therefore, Kyles will only be granted leave to proceed for injunctive relief against David Liebel and Chaplain Blummer in their official capacities for violating RLUIPA.

For these reasons, the court:

(1) **GRANTS** Brandon D. Kyles leave to proceed on an official capacity claim for injunctive relief against David Liebel for denying him a Kosher Diet in violation of his First Amendment and RLUIPA rights;

(2) **GRANTS** Brandon D. Kyles leave to proceed on an official capacity claim for injunctive relief against Chaplain Blummer for denying him Jewish services in the Westville chapel in violation of his First Amendment and RLUIPA rights;

(3) **GRANTS** Brandon D. Kyles leave to proceed on an individual capacity claim for compensatory and punitive damages against David Liebel for preventing him from

practicing his religion by denying him a Kosher diet in violation of his First Amendment rights;

(4) **GRANTS** Brandon D. Kyles leave to proceed on an individual capacity claim for compensatory and punitive damages against Chaplain Blummer for preventing him from practicing his religion by denying him Jewish services in the Westville chapel in violation of his First Amendment rights;

(5) **DISMISSES** all other claims;

(6) **DIRECTS** the clerk and the United States Marshals Service to issue and serve process on Chaplain Blummer and David Liebel with a copy of this order and the amended complaint (DE # 18) as required by 28 U.S.C. § 1915(d); and

(7) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Chaplain Blummer and David Liebel respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

Date: June 19, 2017

**SO ORDERED**.

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT